UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**YOLANDA YVETTE SANDERS,**

    Plaintiff,

v.                                             Case No: 5:23-cv-103-MMH-PRL

**DAVID CRUZ, RICKY CABRERA, ROBERT "BOBBY" CHRISTIANO, HEATHER CUMER, WESTCOR LAND TITLE INSURANCE COMPANY, RANLIFE, INC. and LIBERTY TITLE COMPANY,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff, Yolanda Yvette Sanders, who is proceeding *pro se*, brings this action against Defendants, all of whom she claims played a part in a real estate deal in which part of the property she thought she was buying was removed from the agreement without her knowledge. Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). For the following reasons, the motion should be denied and the complaint dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.   See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

complaint to determine whether it is frivolous, malicious, Afails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Here, Plaintiff does not allege that

Defendants violated federal law or any of her constitutional rights. To the contrary, Plaintiff asserts a variety of claims—i.e., breach of contract, fraud, misrepresentation, and unjust enrichment—all of which arise under state law.

Likewise, Plaintiff has not alleged a basis for diversity of citizenship jurisdiction which exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Here, Plaintiff alleges that she, as well as five of the Defendants—David Cruz, Bobby Christiano, Ricky Cabrera, Westcor Land Title Insurance Company, and Liberty Title Company—are citizens of Florida. Because each defendant is not diverse from the plaintiff, there is no diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). Moreover, Plaintiff fails to allege any facts supporting the requisite amount in controversy. Indeed, Plaintiff does not allege the contract price nor does she allege the value of the property that allegedly was not conveyed in the sale.

Accordingly, I recommend that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied and the Complaint (Doc. 1) be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE** and **ENTERED** in Ocala, Florida on February 21, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties